TAZEWELL, Judge.
The plaintiff, in his declaration, must bring his case within the jurisdiction. He has not done so; and therefore there is error, clearly.
MERCER, Judge
Agreed as to the general principle; but insisted on the difference between local and transitory actions. The books only amount to this, that there should be enough -upon the record. This is ejectment for a lot of land in the town of Petersburg, and the declaration states the land to be in the town, which, necessarily, implies jurisdiction. Strictly speaking, to bring the cause within the jurisdiction is only necessary in transitory actions; for, in those for realty, the situation of the land decides it. Here the trespass is stated to have been committed on the lot; and the only defect is, that it does not appear, that' the defendant resides in town; but as he is known to be a fictitious person, that can hardly be a solid objection. The judgment ought, therefore, to be affirmed.
FLEMING, Judge
Said, that, in consequence of the division of the court, he had taken pains to form his own opinion ; and *669 could, after diligent search, find no difference in the books, between transitory and local actions, with respect to the necessity of laying the jurisdiction. The authorities all are.that the omission to state it is fatal.
*LYONS, Judge.
He, from the first, was clear there was error, but in consequence of the doubt suggested by one of the judges, he had examined the cases; and found them all to concur, that omitting to lay the jurisdiction was fatal, as well in local as in transitory actions. This had been so long settled, that he could not think of disturbing it. Had the case been recent, he might have thought otherwise; but he could not depart from such a uniform course of decision: which had established, that the jurisdiction of courts of limited authority, must be averred; and that nothing is to be presumed in favour of it. 1 Lev. 50; 2 Mod. 273; Raym. 189.
CARRINGTON, Chief Justice.
He was of opinion with judge Mercer at first, and so continues. It was optional with the defendant, whether he would submit, or plead to the jurisdiction; and, if he chose the first, he ought not to be allowed to except afterwards. The soil is stated to be within the town, expressly ; and the defendant must be taken to inhabit there also, by presumption, as he did not allege the contrary. There is a plain distinction between transitory and local actions. For the first affects the person only, which may or may not be amesnable; but the other affects the property, which lies within the place, and is the object in pursuit: Therefore, when the declaration states, that the property lies within the town, it necessarily implies that the court has jurisdiction, and that the owner resides within it, as he has not denied it. He was, consequently, for affirming the judgment; but as there were three judges against two, it was to be reversed.
Judgment reversed.